UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>MARIA MADRIGAL,<br><br>                    Defendant. | No. CR-02-6054-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

**THIS MATTER** came before the Court on August 20, 2009. Assistant United States Attorney James A. Goeke appeared on behalf of the United States. Defendant was present and represented by Richard A. Smith. This order is intended to memorialize and supplement the Court's oral ruling.

**BACKGROUND**

Defendant was charged on October 16, 2002, with conspiring to distribute over 500 grams of cocaine (Count 1) and the distribution of cocaine (Count 5). (Ct. Rec. 1). Defendant was arrested over six years later and made an initial appearance in the United States District Court for the District of Oregon at Pendleton on January 15, 2009. (Ct. Rec. 7).

**DISCUSSION**

On March 13, 2009, Defendant moved to dismiss the indictment in this case. (Ct. Rec. 29). Defendant argues that the delay in bringing her to trial violated her Sixth Amendment right to a speedy trial. (Ct. Rec. 30). Defendant contends that the indictment should

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

be dismissed because of the great delay and lack of diligence by the Government in executing its 2002 warrant or attempting to locate Defendant. *Id*.

The Sixth Amendment to the Constitution "guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (internal quotations omitted). To determine whether that has occurred, the Court must examine the *Barker* factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id*. at 651; *Barker v. Wingo*, 407 U.S. 514 (1972); *see also United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993). None of these four factors, however, is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533. Rather, they must be considered "together with such other circumstances as may be relevant," and the Court must "engage in a difficult and sensitive balancing process." *Id*.

**I.   Whether Delay Was Uncommonly Long**

To trigger a speedy trial inquiry, an accused must first show that the period between indictment and trial passes a threshold point of "presumptively prejudicial" delay. Courts have generally found delays approaching one year to be "presumptively prejudicial." *Beamon*, 992 F.2d at 1012; *see also Doggett,* 505 U.S. at 652 n. 1. Since the delay, here, is well over the one-year mark, the threshold

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

point has been met and the speedy trial inquiry under *Barker* has been triggered.

**II.  Reasons for the Delay**

The Court next examines *Barker's* second factor, the reasons for the post-indictment delay.  *Barker* explains that the Government's bad faith or negligence in causing unnecessary delay should weigh against the Government, while delay caused by valid reasons should not.  *Barker*, 407 U.S. at 531.  Here, there has been no showing that the delay was purposeful, and Defendant has not alleged that the Government acted in bad faith.  Furthermore, unlike the cases cited by Defendant, *Doggett*, *Beamon*, and *United States v. Shell*, 974 F.2d 1035 (9th Cir. 1992), there has been no showing that the Government's negligence caused the delay in bringing Defendant to trial.

If the Government pursues a defendant with reasonable diligence, the defendant does not have a speedy trial claim.  *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008).  On the other hand, if the Government is negligent in pursuing the defendant, prejudice is presumed.  *Id*.  If the defendant is not attempting to avoid detection and the Government makes no serious effort to find him, the Government is considered negligent in its pursuit.  *Id*.  However, if a defendant attempts to avoid detection, the Government is not required to "make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension."  *Id*. (citations omitted).

The evidence shows that the United States Marshal Service made efforts to locate Defendant on a continuous basis, albeit with some significant gaps in time.  (Ct. Rec. 36).  Moreover, the record

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

reflects that during the investigation of Defendant, Defendant moved from her home in Pasco, Washington, and changed her name and the name of her child.  Defendant argues that her move from Pasco, Washington, to Hermiston, Oregon, is a rather short distance, and; therefore, the United States Marshal Service could have located her much sooner had they been diligent.  However, the government also had information indicating that Defendant possessed tickets to travel to Mexico.  The Court further takes judicial notice that a significant portion of the population in the agricultural area in eastern Washington and eastern Oregon is Hispanic.  Many of that population are in the United States illegally and use false names and documents to avoid detection. While Defendant was a legal alien resident, she chose to change her name and move thus seeking to disappear into the shadows of that population.  Because there appears to be no other motivation for these actions, it is apparent that Defendant was aware she was being sought by the authorities and acted to avoid being apprehended. Under these circumstances, the delay was not a result of the Government's negligence.  Therefore, the Court finds that *Barker's* second factor, reasons for the delay, weighs against a conclusion that Defendant's speedy trial rights were violated.

**III. Whether Defendant Asserted the Right to a Speedy Trial**

Turning to the third *Barker* factor, the assertion of Defendant's right to a speedy trial, Defendant contends that she was never served with a warrant and was never placed on notice by the Government that an indictment was pending. (Ct. Rec. 30 at 3).  Defendant thus argues that she had no knowledge of the 2002 indictment until her

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 4

arrest in 2009.  Still, as discussed above, Defendant's actions in this case appear to demonstrate that she was at least aware she was being sought by law enforcement.  While Defendant now asserts her right to a speedy trial, her earlier conduct reflects no such desire.

**IV.  Whether Delay Results in Prejudice to Defendant**

*Barker's* fourth and final factor is prejudice.  "Where the government proceeds 'with reasonable diligence,' the 'speedy trial claim would fail . . . as a matter of course however great the delay, so long as [Defendant] could not show specific prejudice to his defense.'"  *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993) (quoting *Doggett*, 505 U.S. at 656).  A defendant may attempt to show actual prejudice by presenting proof that the post-indictment delay has harmed one or more of the three interests protected by the speedy trial right:  "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."  *Barker*, 407 U.S. at 532; *see also Beamon*, 992 F.2d at 1014.

Defendant does not contend that she suffered oppressive pretrial incarceration or experienced anxiety or concern over the charges alleged in the indictments.  In fact, neither of these interests apply in this case because Defendant was not incarcerated prior to her 2009 arrest and claims that she had no previous knowledge of the pending indictment.

Defendant has also failed to contend that the delay has actually prejudiced her ability to mount a defense to the charges in the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 5

indictment.  Defendant has not argued that, as a result of the delay, she has a loss of witnesses, an inability to counter the Government's case or an inability to offer evidence to rebut specific acts with which she has been charged.  A showing of minimal or only possible prejudice is insufficient to establish a Sixth Amendment violation.  *United States v. Simmons*, 536 F.2d 827, 831 (9th Cir. 1976); *United States v. Sears, Roebuck and Co.*, 877 F.2d 734, 740 (9th Cir. 1989).  Accordingly, the fourth *Barker* factor, prejudice, weighs against a speedy trial violation.

The Court also denies Defendant's contention under *Doggett* and *Shell*, that she need not show actual prejudice.  Defendant submits that even in the absence of proof of actual prejudice, the Government's negligence and a substantial delay will suffice to grant relief.  *Shell*, 974 F.2d at 1036 ("no showing of prejudice is required when the delay is great and attributable to the government").

In *Doggett*, the Supreme Court concluded that an eight and one-half year delay caused by the government's negligence and unaccompanied by the defendant's acquiescence was long enough so that, "an affirmative proof of particularized prejudice was not essential."  *Doggett*, 505 U.S. at 656.  In *Shell*, the Ninth Circuit held that a five year delay caused by Government negligence created a "strong presumption" of prejudice which the Government did not persuasively rebut by simply suggesting that most of the essential witnesses and documentary evidence is still available.  *Shell,* 974 F.2d at 1036.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 6

In this case, the delay does appear to be "great," when measured by the five year delay in *Shell* and the eight and one-half year delay in *Doggett*. However, unlike the delays in *Doggett* and *Shell*, there has been no showing that the delay was attributable to the Government's negligence. As discussed above, the Court finds that the Government was diligent in its efforts in this case. The Government's inability to locate Defendant in a more expedient manner stems from Defendant's efforts to prevent her discovery and apprehension.

**RULING**

Based on the foregoing, the Court finds that the *Barker* factors weigh against a speedy trial violation. Defendant has failed to demonstrate that her Sixth Amendment rights have been violated in this case. Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss the indictment (**Ct. Rec. 29**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and furnish copies to counsel.

**DATED** this  27th  day of August, 2009.

                                                 S/Fred Van Sickle
                                                 Fred Van Sickle
                                        Senior United States District Judge